IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GULF COAST PHARMACEUTICALS, INC.** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CAUSE NO. 1:09CV276 LG-RHW** |
| § | | |
| **PRIORITY PHARMACEUTICALS, INC.** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO TRANSFER**

BEFORE THE COURT is the Defendant's Motion [3] to Dismiss, Transfer or Stay Complaint. The Plaintiff has responded, and the Defendant has replied. After due consideration of the parties' submissions, arguments and the relevant law, it is the Court's opinion that this case should be transferred to the United States District Court for the Southern District of California.

FACTS AND PROCEDURAL HISTORY

The Plaintiff in this case, Gulf Coast Pharmaceuticals, Inc., filed a short complaint against Priority Pharmaceuticals, Inc., on April 23, 2009, requesting that this Court enter a judgment declaring that Gulf Coast owes Priority $57,428.50 in complete satisfaction of Gulf Coast's open account indebtedness to Priority. Other than allegations regarding jurisdiction, the only factual allegation made is that Gulf Coast and Priority are wholesale pharmaceutical distributors who over the years have sold each other drugs on open account. Compl. 1 (¶IV).

Three months after Gulf Coast's suit was filed in this Court, Priority filed suit against Gulf Coast in the United States District Court for the Southern District of California.[1] Priority's

---

[1] Priority has served Gulf Coast with process in the California action. No answer has been filed, as Gulf Coast has obtained extensions of time to do so pending resolution of the Motion to Dismiss, Transfer or Stay filed in this case.

complaint includes claims for breach of contract, "account stated," and fraud, and requests declaratory relief.  Ct. R. 4-2 p. 2-10.  Specifically, Priority requests that the California District Court declare that Gulf Coast owes Priority at least $361,054.50 and that Gulf Coast has no right to set off any amounts due.  *Id*. at 9.  Priority then filed the Motion to Dismiss, Transfer or Stay that is now before this Court, contending that Gulf Coast's Complaint is an anticipatory lawsuit that the Court should refrain from adjudicating.

There were two primary transactions leading up to Gulf Coast's initiation of this action.  First, in 2007, Gulf Coast sold a medical product to Priority, which then sold it to a third party for $572,460 (the "2007 PP Order").  Gulf Coast and Priority agreed that Priority would pay Gulf Coast a lesser amount for the medical product when Priority was paid by the third party.  This is referred to as the "2007 PP-GC Agreement."  Second, Priority sold a medical product to Gulf Coast for $361,054.  This is referred to as the "2008 GC Order."

In late 2008, Priority made demand for payment of $371,054.50 from Gulf Coast for the 2008 GC Order and other orders.  Gulf Coast refused to make full payment and in effect insisted that Priority make payment on the unpaid portion of the 2007 PP Order by claiming that it owed Priority only $57,428.50 on its open account.

DISCUSSION

Gulf Coast's Complaint presents a single claim for declaratory relief brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Priority has filed this motion asserting that Gulf Coast's Complaint was filed in anticipation of a suit by Priority and consequently, was filed solely for the purpose of forum shopping after Gulf Coast's attempts to negotiate a settlement failed.  Priority further argues that its suit for breach of contract and related

claims now before the United States Court for the Southern District of California should, under Fifth Circuit law, take precedence over this suit for declaratory relief.

The Fifth Circuit generally applies a "first-filed" rule; however, it recognizes an exception to the rule in cases in which a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant. *See Pac. Employers Ins. Co. v. MV/Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985). Moreover, a district court is not required to provide declaratory judgment relief. It is purely within the Court's discretion whether to decide a declaratory judgment action. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). In deciding the issue, the Court is directed to look at a variety of factors, including the pendency of litigation in another forum and whether the suit was anticipatory. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003). Priority contends that Gulf Coast's suit for declaratory relief was clearly anticipatory and involved forum shopping, as Priority was beginning the collection process. It is for these reasons that Priority seeks a dismissal, or in the alternative, a transfer of this suit to the Southern District of California. Gulf Coast argues that the Court should not dismiss or transfer, but should exercise its discretion to decide the declaratory judgment action.

  *A. The First to File Rule*

"Federal district courts are courts of coordinate jurisdiction and equal rank, and must exercise care to avoid interference with each other's affairs and duplicative litigation." *Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). The "first-to-file" rule permits a district court to decline to exercise jurisdiction over an action when the second-filed complaint involves the same parties and issues. "The concern manifestly is to

avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985). However, the first-to-file rule is not a rigid or inflexible rule to be mechanically applied. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). Courts may make an exception to the first-filed rule when justice or expediency requires. The decision of whether to apply the first-to-file rule involves determinations concerning "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). In this case, the declaratory judgment action filed by Gulf Coast is the first-filed action, with Priority's California breach of contract action being filed three months later. As such, it is this Court's duty to determine whether the Court should decline to exercise its jurisdiction over the declaratory judgment action, despite the fact that it was the first-filed action.

      *B. Declaratory Judgment*

The analysis regarding whether to decide or dismiss a declaratory judgment action requires a district court to determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co.*, 343 F.3d at 387.

Regarding justiciability, a declaratory judgment action is ripe for adjudication if it addresses an actual controversy. 28 U.S.C. § 2201(a). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896

(5th Cir. 2000) (citations omitted).  In this case, Priority's suit in California federal district court, filed three months after the declaratory judgment action, affirms the nature of an already-existing actual controversy and satisfies the first factor of justiciability.

Once the justiciability decision is made, the Court must next determine whether it has the authority to grant declaratory relief.  "[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283." *Sherwin-Williams*, 343 F.3d at 388.  None of those circumstances exist in this case.  Therefore, the Court moves on to the third factor: how to exercise its discretion to decide or dismiss the case.  The Fifth Circuit has identified the following seven nonexclusive factors to consider when making this determination:

>   (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
>   (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
>   (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
>   (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
>   (5) whether the federal court is a convenient forum for the parties and witnesses;
>
>   (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
>   (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)). These factors address three issues essential to deciding whether to exercise jurisdiction over a declaratory judgment action or to abstain: federalism; fairness; and efficiency. *Sherwin-Williams*, 343 F.3d at 390-91.

      Applying these factors, the Court begins with the fact that there is a pending action for breach of contract and related claims filed by Priority in a United States District Court of California which encompasses the issues to be addressed by this Court. That the parallel action is in federal, rather than state, court is not dispositive of the first factor. *Watkins Strategy & Res. Grp. v. WLC, LLC*, 433 F. Supp. 2d 778, 782 (S.D. Miss. 2006) ("[t]he fact that a parallel proceeding is pending in a sister federal court should be taken into consideration."). It does not appear that the third factor, forum shopping, is at issue in this case. The mere fact that declaratory relief is sought by Gulf Coast does not necessarily indicate that Gulf Coast was intentionally forum shopping, anymore than any other litigant who files a lawsuit. This case does not present a situation such as in *Mission Insurance Company v. Puritan Fashions Corporation*, where the Court found that the plaintiff caused the defendant to delay filing suit by representing that it was considering the merits of the claim and by allowing an extension on the limitations period. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). Had it not been for those representations and implications, the defendant would have been the first to file suit. *Id*. Additionally, the parties have identified no inequities related to the fourth factor. Furthermore, the fifth factor, convenience of the forum, does not weigh heavily in favor of one party over the other. As this is primarily a breach of contract case, the majority of documentary discovery will be on paper which may be easily exchanged through the mail. Both the Plaintiff

and the Defendant appear to do business nationwide and can litigate this suit in California just as they can in Mississippi without any undue hardship.  The sixth factor, interest of judicial economy, does weigh in favor of this Court abstaining from deciding the declaratory judgment action.  The issues at hand are a subset of the issues to be litigated in the California forum. To avoid duplicative proceedings, waste of financial resources, and the risk of inconsistent rulings, judicial economy dictates that the entirety of the matter be heard by one court.  The seventh factor has no application to this case.

It is the second factor, anticipation of litigation, that lends the strongest support to this Court declining to exercise jurisdiction over the declaratory judgment action.  The evidence submitted shows that the present action was filed in anticipation of litigation.  Gulf Coast had been aware of and encouraged Priority's collection efforts in 2008 against the third party in the 2007 PP Order.  Ct. R. 5 p. 3 (¶8).  Gulf Coast manifested its understanding that Priority did not owe it on the 2007 PP Order until Priority collected from the third party.  *Id.*  Late in 2008, Priority made attempts to prompt Gulf Coast to pay the amount owed for various orders, including the 2008 GC Order.  Ct. R. 5-2.  Gulf Coast responded by showing its own calculation of the amount owed, which included a deduction or set off for the outstanding amount of the 2007 PP Order.  Ct. R. 5-3 p. 2.  In addition, Gulf Coast informed Priority, "I will have our attorney prepare a release letter for Dave to sign prior to making this full and final payment." *Id*.  The release letter was not signed by Priority.  Priority informed Gulf Coast that Priority would initiate collection action, and the reply was that "you have to do what you have to do."  Ct. R. 15 p. 3-4.  Gulf Coast clearly anticipated litigation when its attempts to negotiate a lower amount due to Priority were unproductive.  As it is the opinion of the Court that this suit was filed in

anticipation of litigation, the Court will decline to rule on the declaratory judgment action. The issues at stake in this matter are capable of full and fair resolution in the course of the California action.

Therefore, after considering the purpose of the Declaratory Judgment Act and the *Trejo* factors, this Court finds that Gulf Coast's request for declaratory judgment would be handled most efficiently and effectively by one court presiding over all issues and claims. As the California court will determine the parties' indebtedness to one another as it resolves all issues presented by Priority's lawsuit, this matter should be transferred to the United States District Court for the Southern District of California.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion [3] to Dismiss, Transfer or Stay Complaint is **GRANTED** in regard to the request for transfer and **DENIED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of transfer shall be mailed by the Clerk of Court to the Clerk of the United States District Court for the Southern District of California.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2009.

        s/*Louis Guirola, Jr.*
        Louis Guirola, Jr.
        United States District Judge